UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNIVERSAL MUSIC CORPORATION, M.L.E. MUSIC, and UNIVERSAL POLYGRAM INTERNATIONAL PUBLISHING, INC., | § § § § | CIVIL ACTION NO. |
| Plaintiffs, | § § § | 4:19-cv-4223 |
| v. | § § | |
| P.O.E.T.S. BILLIARDS, INC. and JOHN R. WINE, | § § § | |
| Defendants. | § § | |

# COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant P.O.E.T.S. Billiards, Inc. ("PBI") is a corporation organized under the laws of the state of Texas with offices at 1511 Texas Avenue South, Suite 162, College Station, Texas 77840.

6. At all times hereinafter mentioned, PBI did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as P.O.E.T.S. Billiards ("POETS"), located at 1637 Texas Avenue South, College Station, Texas 77840.

7. Musical compositions were and are publicly performed at POETS.

8. Defendant John R. Wine ("Wine" and, together with PBI, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Wine was, and still is, the president, director, officer, and/or owner of PBI.

10. At all times hereinafter mentioned, Wine was, and still is, responsible for the control, management, operation and maintenance of the affairs of PBI.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at POETS, including the right and ability to supervise and control the public performance of musical compositions at POETS.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

12. PBI derives a direct financial benefit from the public performance of musical compositions at POETS.

13. Wine derives a direct financial benefit from the public performance of musical compositions at POETS.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly 700,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since January 2017, ASCAP representatives have made more than seventy (70) attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for POETS.  ASCAP has contacted and/or attempted to contact Defendants and/or their representatives in person, by phone, by mail, and by e-mail.

17. Defendants have refused all of ASCAP's license offers for POETS.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at POETS constitute infringement of ASCAP's members' copyrights in their musical works.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at POETS, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions involved in causes of action one and two were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

22. The original musical composition involved in cause of action three was registered as an unpublished work on the date stated in Column 5, and since the date of registration, has been printed and published in conformity with Title 17 of the United States Code.

23. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24. The original compositions named in cause of action three is now in its renewal term of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued a Certificate of Registration of the claim of renewal in the names of the claimants listed in Column 7.  The dates and identification number of the renewal certificates is set forth in Column 8.

25. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at POETS, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26. The public performances at POETS of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28. The many unauthorized performances at POETS include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at POETS, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

Dated: October 28, 2019

Respectfully submitted,

s/*Jeff A. McDaniel*
Jeff A. McDaniel
Texas State Bar No. 13518020

P.O. Box 162075
Austin, Texas 78716
Phone: (512) 547-7676
E-mail: jeff@nevtex.net

ATTORNEYS FOR PLAINTIFFS

OF COUNSEL:

Dwayne K. Goetzel
Texas State Bar No. 08059500
Geoffrey Heaven
Texas State Bar No. 24090159

Meyertons, Hood, Kivlin, Kowert & Goetzel, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
Phone:  (512) 853-8800
Facsimile:  (512) 853-8801
Email:  dgoetzel@intprop.com
Email:  gheaven@intprop.com